IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

ALFRED T. RILEY,

                 Petitioner,

v.

STATE OF WISCONSIN and
CIRCUIT COURT DANE COUNTY,

                 Respondents.

ORDER

13-cv-253-wmc
_____

      Petitioner Alfred Riley, a civilly committed patient under Wis. Stat. Ch. 980, Wisconsin's Sexually Violent Persons Law who is housed at the Sand Ridge Secure Treatment Center in Mauston, Wisconsin, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has requested leave to proceed *in forma pauperis* and has supported his request with an affidavit of indigency. Because he is a patient and not a prisoner, petitioner is not subject to the 1996 Prison Litigation Reform Act. However, this court has adopted the PRLA's formula for determining indigence for all institutionalized persons, even when the PLRA does not apply. Although petitioner has supported his request with an affidavit of indigency, I cannot determine whether petitioner is indigent for the purpose of filing a § 2254 petition until he submits a trust fund account statement for the full six-month period immediately preceding the filing of his habeas corpus petition. *See Longbehn v. U.S.*, 169 F.3d 1082 (7th Cir. 1999). Petitioner's trust fund account statement should cover the six-month period beginning approximately October 3, 2012 and ending approximately April 3, 2013.

      Once petitioner submits his trust fund account statement, this court will calculate petitioner's average monthly deposits and his average monthly balances for the six-month period mentioned above. If 20% of the greater of these two figures is $5 or more, he will not be eligible

for indigent status and will have to prepay all of the $5 filing fee. If 20% of the greater of these two figures is less than $5, he will be required to prepay whatever portion less than $5 has been calculated.

Now that petitioner is aware of the formula this court uses in determining whether a prisoner is indigent for the purpose of paying a $5 filing fee, he may be able to figure easily whether he qualifies. If he knows that he will not qualify for indigent status, he may elect to submit a check or money order made payable to the clerk of court in the amount of $5 in lieu of the six-month statement requested above. In any event, petitioner should act quickly. If, by May 15, 2013 petitioner does not submit either the $5 payment or a trust fund account statement for the last six months, his request for leave to proceed *in forma pauperis* will be denied and this action will be closed.

Entered this 19th day of April, 2013.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge