IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ALFRED T. RILEY,

        Petitioner,                               OPINION and ORDER

v.                                                      13-cv-253-slc

STATE OF WISCONSIN,

        Respondent.

On April 16, 2013, Alfred T. Riley filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging an April 1993 revocation of his parole in Dane County Case Nos. 86CF1193 and 87CF117. Riley contends that he was denied the opportunity to address inconsistencies in the victim's statement that was used to support revocation.

Riley has paid the $5 filing fee, so his claim is ready for screening under Rule 4 of the Rules Governing Section 2254 Cases. On November 9, 2015, both parties consented to magistrate judge jurisdiction over this case, so it was reassigned to me last week. Having read the file, I conclude that Riley's habeas petition has become moot because Riley has been completely discharged from the criminal sentences imposed in Cases Nos. 86CF1193 and 87CF117. Accordingly, I am dismissing the petition for lack of subject matter jurisdiction. Even if the petition were not moot now, I would dismiss it because it was untimely when Riley filed it in 2013.

BACKGROUND[1]

Riley pled guilty to four counts of second-degree sexual assault in Dane County Case Nos. 86CF1193 and 87CF117. He was sentenced on July 16, 1987, to serve two consecutive six-year prison terms followed by another five-year term, as well as a ten-year term of probation that was withheld at that time. *State v. Riley*, 86CF1193 & 87CF117 (Dane Cty. Cir. Ct.). In May 1992, Riley was released on parole, but in April 1993, his parole was revoked based on findings that Riley had sexually assaulted his ex-girlfriend.

In July 1997, Riley filed a post-conviction motion to challenge his parole revocation as a violation of the Double Jeopardy Clause. The circuit court denied that motion on February 10, 1998. *Riley v. State*, 1997CV1812 (Dane Cty. Cir. Ct.). The Wisconsin Court of Appeals dismissed Riley's appeal on July 2, 1998. *Riley v. State*, No. 1998AP346.

In February 2001, shortly before Riley's scheduled re-release from prison, the state filed a petition for his involuntary civil commitment as a sexually violent person pursuant to Chapter 980. *State v. Riley*, Case No. 2001CI1 (Dane Cty. Cir. Ct.). On November 6, 2001, the circuit court granted the state's petition for civil commitment after a jury found that he met the statutory definition of a sexually violent person for purposes of Chapter 980. That commitment was upheld on appeal in July 2003. *State v. Riley*, 2001AP3274 (unpublished summary decision

---

[1]The court has supplemented the allegations in the petition with dates and procedural information about petitioner's underlying state proceedings from the electronic docket available at Wisconsin Circuit Court Access, http://wcca.wicourts.gov. The court draws all other facts from the petition, as well as any exhibits attached to his pleadings. Fed. R. Civ. P. 10(c); *see also Witzke v. Femal*, 376 F.3d 744, 749 (7th Cir. 2004) (explaining that documents attached to the complaint become part of the pleading, meaning that a court may consider those documents to determine whether plaintiff has stated a valid claim).

dated July 23, 2003). Riley filed petitions for discharge of his civil commitment in April 2009 and June 2009, both of which were denied after a trial to the circuit court.

In March 2010, Riley filed a motion challenging his parole revocation and he asked the circuit court to vacate his commitment order under Chapter 980. The circuit court denied that motion following a hearing in July 2010. In May 2011, Riley filed an amended motion to challenge his parole revocation and to vacate the commitment order under Chapter 980. The circuit court denied that motion on June 15, 2011, concluding that his claims were procedurally barred. The Wisconsin Court of Appeals summarily affirmed that decision on May 3, 2012. *State v. Riley*, App. Nos. 2011AP1506 & 2011AP1507. Shortly thereafter, the Wisconsin Supreme Court dismissed Riley's petition for review.

Riley filed the pending petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 3, 2013. He contends that he has newly discovered evidence that he was actually innocent of the sexual assault allegations that formed the basis for his parole revocation in April 1993. He bases this argument on a copy of the victim's statement to police, which he first obtained on October 7, 2010, while he was challenging his civil commitment. Riley does not provide the statement, but he claims that there were inconsistencies between the victim's statement to police and her testimony during the parole revocation. He argues that he was denied due process and the effective assistance of counsel during the parole revocation proceeding because the victim's statement was withheld from him. Riley further argues that the state court erred by not reviewing the merits of his argument that his parole was incorrectly revoked because he was innocent of the underlying offense.

OPINION

**I.      Jurisdiction:  Mootness**

According to the allegations of his petition, as well as a letter that Riley attaches to his petition from a records supervisor for the DOC, Riley's sentence in Case No. 86CF1193 was completely discharged on February 9, 2004.  (Dkt. # 1, Letter from Sheri Hicks.  At the time he filed his petition on April 3, 2013, he was still on probation for Case No. 87CF117 and was confined at Sand Ridge Secure Treatment Facility pursuant to his commitment under Chapter 980.  Since filing his petition, however, Riley's probation for Case No. 87CF117 has been completely discharged.  *See* Dkt. #1 at 5 (stating that his probation would be discharged on February 9, 2014); dkt. #1-1 (same).  Additionally, Riley has been released from Sand Ridge. *State v. Riley*, 2001CI1 (Dane Cty. Cir. Ct. May 29, 2014).  Riley now is living under supervised release, pursuant to Chapter 980, in Stoughton, Wisconsin.[2]

Riley is challenging his parole revocation in Case Nos. 86CF1193 and 87CF117.  In his petition, his requested relief is "modification of his original sentence" in these cases.  Dkt #1 at 1.  However, because Riley's sentences in these cases have been completely discharged, there is a question whether his petition is now moot.  Article III of the Constitution limits federal court jurisdiction to cases or controversies that remain "live" throughout the lawsuit.  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  Mootness is a threshold jurisdictional question that requires a court to ensure that a party maintains a "personal stake in the outcome of the lawsuit."  *Id.*  This means that the petitioner "must have suffered, or be threatened with, an actual injury . . . likely to be redressed by a favorable judicial decision."  *Id.* (citation omitted).  A petition for writ of habeas

---

[2] Riley is ***not*** challenging his civil commitment proceedings, his status on supervised release or the conditions of his supervised release in his civil commitment case.

4

corpus requesting release from custody, like Riley's, is moot when the petitioner already has been released from custody unless the petitioner still suffers "collateral consequences" as a result of the challenged conviction or sentence. *Id.*

Here, Riley no longer is in custody pursuant to the 1993 parole revocation, and his petition provides no basis for this court to conclude that he suffers any collateral consequences from that parole revocation. Rather, the only harm Riley identifies in his petition that resulted from the revocation is his return to state prison and the imposition of a previously-withheld sentence. But now that Riley's sentences have been discharged and he no longer is in custody pursuant to those sentences, there is no relief that this federal court can provide. The court cannot "undo" the time Riley served as a result of the revocation. In sum, Riley cannot show a reasonable probability of obtaining redress from the court even if he were to prevail on his petition. Accordingly, Riley's petition presents no case or controversy and must be dismissed as moot.

## II. Statute of Limitations for Habeas Review

Even if Riley could show that he still is suffering collateral consequences as a result of the parole revocation, I would dismiss his petition as untimely. Riley's petition is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, which was enacted on April 24, 1996. Under the AEDPA, all habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d)(1), which is designed to "encourag[e] prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." *Carey v. Saffold*, 536 U.S. 214, 226 (2002). Because the petition

was filed well after the AEDPA's effective date, the one-year statute of limitations clearly applies. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

Where a prisoner challenges the validity of a state court judgment, the statute of limitations begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The judgment at issue here - - Riley's parole revocation - - was entered in April 1993. Riley did not appeal. His parole revocation became final before the AEDPA was enacted. Even so, his deadline to seek federal habeas corpus review expired, at the latest, on April 24, 1997, one year after the AEDPA was enacted.

Riley contends that he did not discover his claim concerning the victim's statement to police until October 7, 2010, when he discovered the police report that was "withheld" during his parole revocation proceeding. Riley maintains that inconsistencies about the nature of the victim's injuries constitute proof that the sexual assault did not happen as she claimed. For a claim based on newly discovered evidence, argues Riley, the limitations period begins from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). He appears to argue, therefore, that the statute of limitations did not expire until one year later on October 7, 2011.[3]

This argument fails. Riley surely knew the basis for his parole revocation in 1993. Even if he did not see the victim statement at the time, he could have requested a copy of the police report and any statement made by the victim. Although Riley claims that he did not encounter the victim's statement until October 7, 2010, he could have obtained it much sooner if he had

---

[3] Even if I were to accept Riley's argument as correct–and I don't– his April 3, 2013 habeas corpus petition still would be about 18 months late.

used due diligence. Therefore, Riley cannot rely on the limitations period found in § 2244(d)(1)(D).

Construed generously, Riley contends that he is entitled to equitable tolling of the limitations period because he is actually innocent of the offense that resulted in his parole revocation. Equitable tolling is an exceptional remedy that is sparingly applied. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990); *see also Obriecht v. Foster*, 727 F.3d 744 (7th Cir. 2013) ("Equitable tolling is an extraordinary remedy and so 'is rarely granted.'"). The Supreme Court has clarified that a "'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.'" *Holland v. Florida*, 560 U.S. 631, ___, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden of proving that equitable tolling is warranted. *Pace*, 544 U.S. at 418; *Ray v. Clements*, 700 F.3d 993, 1007 (7th Cir. 2012). Riley meets neither criterion because he demonstrates neither due diligence nor an extraordinary circumstance that prevented him from challenging his parole revocation sooner. Under these circumstances, equitable tolling does not apply. *See Pace*, 544 U.S. at 419 (stating the general rule that "lack of diligence precludes equity's operation") (citations omitted).

Moreover, Riley's claim of actual innocence is unpersuasive and incredible. "[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924, 1931 (2013). That standard for doing so is "demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 537 (2006) (quoting *Schlup*

*v. Delo*, 513 U.S. 298, 327 (1995)).  To be credible, a habeas petitioner must present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."  *Schlup*, 513 U.S. at 324 (emphasis added).  A petitioner must then show that "it is more likely than not that," in light of the new evidence, "no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  *Id*. at 326-27.

In support of his request for equitable tolling, Riley maintains that he is innocent because the sexual assault on which his revocation was based did not happen.  His current claim of actual innocence is unaccompanied by any evidence, much less "new" evidence, that could not have been discovered before his parole was revoked.  This is insufficient to demonstrate a credible claim of actual innocence for purposes of fitting within the equitable exception to the statute of limitations on federal habeas review.

Riley makes no other argument that would excuse his failure to file a timely petition.  Accordingly, even if his petition was not moot, it would be dismissed as untimely filed.

### III.   Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner.  To obtain a certificate of appealability, the applicant typically must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004).  Where denial of relief is based on procedural grounds, the petitioner must also show that "jurists of reason . . . would find it debatable whether the district court was correct in its

procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Generally, this means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

Although the rule allows a court to ask the parties to submit arguments on whether a certificate is warranted, it is not necessary to do so here because the briefing was adequate to resolve the procedural issues in this case. Because reasonable jurists would not debate whether a different result was required, no certificate of appealability will issue.

## ORDER

IT IS ORDERED that:

I. The federal habeas corpus petition filed by Alfred T. Riley is DISMISSED for lack of subject matter jurisdiction. Alternatively, it is DISMISSED as untimely.

II. A certificate of appealability is DENIED. If petitioner wishes he may seek a certificate from the court of appeals under Fed. R. App. 22.

Entered this 16th day of November, 2015.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge